United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30747

SAMUEL J. HOWARD,

Plaintiff-Appellant,

versus

CANADIAN NATIONAL/ILLINOIS
CENTRAL RAILROAD,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana

(03-CV-366)

Before GARWOOD, SMITH and DEMOSS, Circuit Judges.

GARWOOD, Circuit Judge:[*]

Plaintiff-appellant Samuel Howard (Howard) brought this suit

in May 2003 against defendant-appellee Canadian National/Illinois

Central Railroad (the railroad) under the Federal Employers'

Liability Act (FELA), 45 U.S.C. §§ 51 et seq., for personal

injuries sustained on October 19, 2001, when, in the course of his

employment with the railroad, he allegedly injured his back while

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aligning or throwing one of the railroad's switches which was overly stiff and difficult to thus align or throw.

The district court granted the railroad's motion for summary judgment, concluding that Howard had failed to present sufficient summary judgment evidence that the switch was defective or not properly functioning or had not been properly maintained or that the railroad was negligent in that it knew or should have known of or prevented that condition. The district court accordingly dismissed Howard's suit with prejudice.

Howard appeals that ruling.

In a FELA case the plaintiff's burden of proof is "featherweight" and "[o]ur precedents clearly establish that in this Circuit, a judgment as a matter of law against the plaintiff in a FELA suit is appropriate 'only when there is a complete absence of probative facts' supporting the plaintiff's position." *Rivera v. Union R. Co.*, 378 F.3d 502, 506 (5th Cir. 2004) (citation omitted).

As we noted in *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), *overruled in other respects, Gautreaux v. Scurlock Marine*, 107 F.3d 331, 336 (5th Cir. 1997) (en banc), the FELA "complete absence of probative facts" standard is in sharp contrast to the more demanding test applicable in *other* civil cases, namely that "[o]n motions for directed verdict . . . the Court should consider all the evidence – not just that which

supports the non-mover's case – . . . . A mere scintilla of evidence is insufficient to present a question for the jury. . . . There must be a conflict in substantial evidence to create a jury question." *Boeing* at 374-75. On the other hand, "the congressional intent in enacting the FELA was to secure jury determinations in a larger proportion of cases than would be true of ordinary common law actions . . . 'trial by jury is part of the remedy in FELA cases.'" *Id*. at 371 (citation omitted). Under the FELA, "'the jury's power to engage in inferences must be recognized as being significantly broader than in common law negligence actions.'" *Id*. (quoting with approval *Chicago, Rock Island and Pacific Railroad Co. v. Melcher*, 333 F.2d 996, 999-1000 (8th Cir. 1964). Moreover, in *Boeing* we observed "the test of sufficiency of the evidence in FELA cases is very much like the Alabama rule which provides that if there is a scintilla of evidence a jury question is presented." *Id*. at 373 n.9.

Having considered the arguments of counsel, the briefs of the parties and the record, we conclude that there is not a *complete* absence of evidence supporting Howard's position, that Howard's affidavit and deposition include *some* such evidence (at least when considered in connection with the railroad's failure to produce any relevant maintenance records and that its affidavits were somewhat

3

impeached).[1]  With respect to the railroad's complaints that the district court erred in allowing Howard further discovery and in not striking his affidavit, we find no abuse of discretion.

The judgment is REVERSED and the cause is REMANDED for further proceedings.

REVERSED and REMANDED.

---

[1]  We of course express no opinion as to the sufficiency or effect of the evidence that may actually be admitted at trial as it may vary from what the present record reflects.